IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jonathan Emilien,<br><br>   Plaintiff,<br> v.<br><br>Major Scott Weeks, Lieutenant Hardy, Lieutenant B. Cox,<br><br>   Defendants. | Case No. 0:21-cv-02330-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 92) recommending the Court grant in part and deny in part Defendant's Motion for Summary Judgment (Dkt. No. 46). Plaintiff filed objections to the R & R. (Dkt. No. 96), and Defendants replied. For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.   Background**

Plaintiff, proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983 claiming Defendants violated his First, Eight, and Fourteenth Amendment rights. Specifically, Plaintiff alleges that his procedural due process rights were violated during multiple disciplinary incidents between July 2020 and May 2021. He claims that he did not receive a copy of the disciplinary reports, did not receive a hearing, and was not informed of the length of his lockdown. He also alleges that his substantive due process rights were violated because he was forced to shower naked in front of recording cameras without privacy, and that female guards were able to see him. Plaintiff also claims that Defendant Weeks violated his Eighth Amendment rights by forcing him to shower in these conditions and that his equal protection rights were violated when he was

disciplined more harshly than other inmates. Plaintiff also alleges that his freedom of speech was violated by the detention center's postcard-only mail policy.

The Magistrate Judge recommends granting in part and denying in part Defendant's Motion for Summary Judgment. (Dkt. No. 92). Plaintiff filed objections to the R & R (Dkt. No. 96), and Defendants replied (Dkt. No. 99). The matter is now ripe for the Court's review.

## II.    Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight leaving the responsibility to make a final determination with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R where there are specific objections. Fed. R. Civ. P. 72(b)(2). Where there are no specific objections to the R & R., the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72 advisory committee's note; see also *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining

2

whether a genuine issue has been raised, the court must construe all inference and ambiguities in favor of the nonmoving party." *HealthSouth Rehabilitation Hosp. v. Am. Nat. Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.   Discussion**

After careful review of the R & R, Plaintiff's objections, and the record on summary judgment, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Defendant's Motion for Summary Judgment should be granted in part and denied in part.

The Court agrees with the Magistrate Judge's analysis regarding the Plaintiff's procedural due process claim. Plaintiff alleges that his procedural due process rights were violated during multiple disciplinary incidents between July 2020 and May 2021. He claims that he did not receive a copy of the disciplinary reports, did not receive a hearing, and was not informed of the length of his lockdown. Under the Due Process Claus of the 14th Amendment, inmates are entitled to a hearing for disciplinary actions. *See Wolff v. McDonnell*, 418 U.S. 539, 556-65 (1974). The Court agrees that Plaintiff cannot claim a violation of his due process rights for the July 8, 2020, incident, the March 2021 incident, and the May 2021 incidents because he acknowledged his guilt and

3

waived his right to a hearing on the disciplinary form for those incidents. The Court also agrees that no reasonable jury could find that Defendants violated Plaintiff's due process rights regarding the August 27, 2020, incident and the July 2021 incidents because the record does not show that Plaintiff was punished for those incidents. Because Plaintiff was not punished, he was not owed a process. The Court also agrees that, based on the record, a reasonable jury could find that Defendants violated Plaintiff's due process rights by imposing restitution without a hearing for incidents that occurred between August 27, 2020, and September 22, 2020. Additionally, the Court agrees that, based on the record, a reasonable jury could find that Defendants violated Plaintiff's due process rights by placing Plaintiff in lockdown for his May 4, 2021, out-of-place charge. The Court notes that, unlike other forms where the Plaintiff acknowledged his guilt, the May 4 form provides no indication that Plaintiff pled guilty. Accordingly, the Court denies summary judgment as to the following procedural due process claims: the September 6, September 9, and September 21, 2020, incidents and the May 4, 2021, out-of-place incident.

The Court agrees with the Magistrate Judge's analysis regarding the Plaintiff's substantive due process claim. Plaintiff alleges that his substantive due process rights were violated because he was forced to shower naked in front of recording cameras without privacy, and that female guards were able to see him. To prevail on a substantive due process claim, Plaintiff must show that a particular restriction was either (1) imposed with an express intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective. *Williamson v. Stirling*, 912 F.3d 154, 174 (4th Cir. 2018). In this case, the defendants have provided sworn affidavit testimony that the shower area in C-Max was designed differently from the shower areas in other parts of the detention center because C-Max houses inmates with disciplinary issues or who may be on suicide watch. The shower area in C-Max allows for observation of inmates to some limited degree during

the shower process. This supervision is appropriate and necessary to prevent inmates from causing harm to themselves while in the shower area. Therefore, the defendants have met their burden of showing that the conditions in the shower area of C-Max are reasonably related to a legitimate nonpunitive governmental objective. Accordingly, the Court grants summary judgment for Defendants on this claim.

The Court agrees with the Magistrate Judge's analysis regarding the Plaintiff's Equal Protection claim. Plaintiff claims that his Equal Protection rights were violated because he was punished more harshly than other inmates for the same transgressions. The Court agrees with the Magistrate Judge that Plaintiff cannot demonstrate that he has been treated differently from others with whom he is similarly situated because Plaintiff's and the other inmate's respective offenses were not the same. Defendants have presented disciplinary forms and affidavit testimony from Defendant Weeks in which he avers that Plaintiff was criminally charged on multiple occasions for throwing bodily fluids and/or feces—not water—at or on correctional officers. In contrast, Defendant Weeks avers that the other inmate was charged with a disciplinary offense—but not a crime—for throwing water at a correctional officer. Because the offenses were different, Plaintiff cannot show that any disparity in the punishments. Accordingly, the Court grants summary judgment for Defendants on this claim.

The Court also agrees with the Magistrate Judge's analysis regarding the Plaintiff's First Amendment claim. Plaintiff claims that the prison's post-card only mail policy, which restricts incoming mail to post cards for security purposes, violates his First Amendment rights. Plaintiff complains that this policy has hindered him from pursuing his writing career because he cannot communicate effectively with publishing companies. The Court recognizes that inmates retain their First Amendment rights in prison, but also notes that these rights may be limited or restricted

in the interest of maintain security and order within the facility. The standard from *Turner v. Safley* requires that a prison regulation impinging on inmates' constitutional rights be reasonably related to legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Court agrees with the Magistrate Judge that the detention center's "postcard-only" mail policy is rationally related to a legitimate penological interest in maintaining institutional security and preventing the introduction of contraband through the mail. The Court also notes that there are no easy and obvious alternatives to the policy that would adequately serve the same penological interest of preventing contraband. Additionally, the Court finds that Plaintiff has alternative avenues to exercise his right to mail correspondence, such as outgoing communications and receiving books or magazines from publishers. Accordingly, the Court grants summary judgment for Defendants on this claim.

### IV.     Conclusion

For the forgoing reasons, the Court **ADOPTS** the R & R as the order of the Court and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (Dkt. No. 46). Specifically, the Court denies summary judgment as to the following procedural due process claims: the September 6, September 9, and September 21, 2020, incidents and the May 4, 2021, out-of-place incident. The Court grants summary judgment as to the remainder of Plaintiff's claims.

**AND IT IS SO ORDERED.**

  s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

January 17, 2023  
Charleston, South Carolina